UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANDREW JOHN DRABIC, ) | CASE NO.: 5:24-cv-00035 |
| ) | 5:22-cr-00122 |
| Petitioner, ) | |
| ) | JUDGE JOHN R. ADAMS |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | **MEMORANDUM OF OPINION AND** |
| ) | **ORDER** |
| Respondent. ) | (Resolves Docs. 54, 59, 69, 70) |
| ) | |

This matter is before the Court upon Andrew John Drabic's ("Drabic") *Motion to Vacate, Set Aside, or Correct a Sentence* pursuant to 28 U.S.C. § 2255 (the "Motion"). Doc. 54. The United States of America filed the *Government's Response in Opposition to Petitioner's Motion to Vacate, Set Aside or Correct Sentence*. Doc. 69. The matter is now fully briefed and ready for disposition. For the reasons set forth herein, the Motion is DENIED.

   I.   PROCEDURAL BACKGROUND

A federal grand jury returned an indictment charging Drabic with seven counts of cyberstalking in violation of 18 U.S.C. §§ 2261A(2)(B) and 2261(b)(5) (Counts One, Two, Four, Six, and Eight-Ten), three counts of interstate communication with intent to extort in violation of 18 U.S.C. § 875(d) (Counts Three, Five, and Seven), and attempted sexual exploitation of a child in violation of 18 U.S.C. § 2251(a) and (e) (Count 11). Doc. 10. Pursuant to a plea agreement, Drabic pled guilty as to all counts. Doc. 36.

On January 17, 2023, the Court sentenced Drabic to 151 months' imprisonment. Doc. 50. Drabic did not file an appeal. The instant Motion was filed almost a year later, on January 5, 2024,

1

wherein Drabic argues that he was denied effective assistance of counsel and alleges prosecutorial misconduct, a denial of due process, and cruel and unusual punishment. Doc. 54.

## II. LEGAL STANDARD AND ANALYSIS

A prisoner in custody that moves to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 must show that (i) the sentence was imposed in violation of the Constitution or laws of the United States, (ii) the court was without jurisdiction to impose such sentence, (iii) the sentence was in excess of the maximum authorized by law, or (iv) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

### a. Ineffective Assistance of Counsel

First, Drabic claims trial counsel was ineffective when they allegedly: (i) lied when they told Drabic he was eligible for time credits [and his sentence could be reduced accordingly], (ii) did not visit Drabic every day to allow him the chance to review all evidence, (iii) lied to Drabic about his ability to obtain a copy of the Presentence Investigation Report ("PSI"), (iv) did not file a motion to sever Count 11, (v) did not speak on Drabic's behalf at sentencing, (vi) did not request a continuance to use a digital expert, (vii) did not challenge the warrant that supported the seizure of evidence against Drabic, (viii) advised Drabic that the lack of reasons provided for supervised release conditions was not appealable, and (ix) did not challenge the admissibility of certain telephone evidence obtained against Drabic. Doc. 54.

A motion made pursuant to 28 U.S.C. § 2255 is the appropriate vehicle for raising a claim of ineffective assistance of counsel. *United States v. Daniel*, 956 F.2d 540, 543 (6th Cir. 1992) ("Ineffective assistance of counsel claims are best brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255 so that the parties can develop an adequate record on the issue.") The test of counsel's effectiveness was set forth by the Supreme Court in *Strickland v.*

2

*Washington*. The measure used is whether the representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). To succeed on their claim of ineffective assistance of counsel, the petitioner must show both a deficient performance and resulting prejudice. *Id.* at 688. Counsel's performance is evaluated considering all circumstances, based on their perspective at the time. *Snider v. United States*, 908 F.3d 183, 192 (6th Cir. 2018) (citing *Strickland* at 689). Further, counsel's strategic choices are granted a high level of deference under the presumption that the challenged action might be considered sound trial strategy. *Tremble v. Burt*, 497 Fed. Appx. 536, 574 (6th Cir. 2012) (citation and internal quotation marks omitted). The second part of the *Strickland* test – whether there was resulting prejudice – is more difficult. To succeed on this prong, the petitioner must prove that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Bullard v. United States*, 937 F.3d 654, 661 (6th Cir. 2019) (citation omitted). A petitioner that claims he was denied effective assistance of counsel with regard to whether to plead guilty must prove (1) counsel rendered constitutionally deficient performance and (2) there is a reasonable probability that, but for counsel's deficient performance, the petitioner would not have pled guilty and would have insisted upon going to trial. *Magana v. Hofbauer*, 263 F.3d 542, 547–48 (6th Cir. 2001) (citations omitted).

Drabic's claim of ineffective assistance of counsel fails to satisfy either prong of the *Strickland* test. First, several of Drabic's allegations are factually incorrect and therefore do not support his claim. During sentencing, Drabic confirmed he reviewed and discussed the PSI with counsel (Doc. 65 at 2, lines 17–23) and the record makes it clear that Drabic's counsel both filed a Sentencing Memorandum (Doc. 42) and spoke on his behalf at sentencing (*see* Doc. 65 *generally*). Drabic fails to provide any additional facts to support a finding that his counsel was

3

constitutionally deficient. The remainder of his allegations supporting Ground One are conclusory statements about counsel's trial strategy, where Drabic fails to establish or suggest that the outcome of his proceedings [his guilty plea] would have been different but for his counsel's performance. *See Magana* at 547–48. Based on the record and arguments in the Motion, the Court does not find a reasonable probability that Drabic would not have pled guilty but for his counsel's allegedly deficient performance. *See Bullard* at 661.

    b. **Prosecutorial Misconduct**

Drabic next alleges the Assistant United States Attorney (the "Government") engaged in prosecutorial misconduct when they lied to him, telling him he was "possibly eligible" for time credit, and agreed to doing so on the record. Doc. 54 at 5. This claim appears to be another vague attempt to invalidate his guilty plea.

A challenge on collateral review as to the voluntariness and intelligence of a guilty plea may only proceed if first challenged on direct review. *Bousley v. United States*, 523 U.S. 614, 621 (1998). However, a district court may consider a procedurally defaulted claim if the petitioner (i) has good cause for failing to raise the issues on direct review and would suffer prejudice if unable to proceed, or (ii) claims actual innocence. *Goward v. United States*, 569 Fed. Appx. 408, 411 (6th Cir. 2014). "For a habeas corpus motion to be cognizable under a claim of prosecutorial misconduct, the misconduct must be 'of sufficient significance to result in the denial of the defendant's right to a fair trial.'" *Marcusse v. United States*, 785 F. Supp. 2d 654, 663 (W.D. Mich. 2011) (quoting *Greer v. Miller*, 483 U.S. 756, 765 (1987) (citations omitted)).

Drabic claims that the Government lied to him when they said he was "possibly eligible" for time credit. Doc. 54 at 5. He did not raise this issue on direct appeal. Therefore, the claim is procedurally defaulted. *See Bousley* at 621. Further, Drabic has not provided, and the Court cannot

4

find, cause for this failure. *See Bousley* at 621–22 (discussing that cause cannot be established via an argument that "further factual development" past the guilty plea stage was required where the claim could have been completely addressed based on the record created during the plea colloquy). Drabic also does not argue that he is actually innocent, so he has not established any exception to the general rule that his claim is procedurally defaulted. *See Goward* at 411. Therefore, the prosecutorial misconduct claim may not be considered.

    **c. Denial of Due Process**

Third, Drabic argues he was denied the right to due process when (i) the Court approved funding for an expert witness, but did not afford time to use them, (ii) he was not provided an opportunity to review the evidence, and (iii) the Court forced him to accept the plea deal by not allowing an additional continuance. Doc. 54 at 8.

Claims of due process violations are cognizable under § 2255. A petitioner must show a "fundamental defect" or an "error so egregious that it amounts to a violation of due process[.]" *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citation omitted). The district court has broad discretion on matters of continuances and a violation of the right to due process exists only when, considering the circumstances of the case, the denial of a continuance is unreasonable and arbitrary. *United States v. Bixler*, No. 21-5194, 2022 U.S. App. LEXIS 2646, at *16–17 (6th Cir. 2022) (citations omitted). To succeed on their claim, the petitioner also must have suffered prejudice as a result of the denial. *Id.* (citing *United States v. Martin*, 740 F.2d 1352, 1361 (6th Cir. 1984)). When the continuance was requested for the purposes of obtaining witness testimony, the factors to be considered in relation to the question of whether due process rights were violated include:

> the diligence of the defense in interviewing witnesses and procuring their presence, the probability of procuring their testimony within a reasonable time, the specificity with

> which the defense is able to describe their expected knowledge or testimony, the degree to which such testimony is expected to be favorable to the accused, and the unique or cumulative nature of the testimony.

*Tate v. Morris*, No. 89-3570, 1990 U.S. App. LEXIS 14195, at *15 (6th Cir. Aug. 14, 1990) (citations omitted).

Drabic was arraigned on March 29, 2022. *See Minutes of Proceedings*, docket entry dated March 29, 2022. The Court then set May 23, 2022 as the deadline to plea. Doc. 17. Upon Drabic's request, the Court extended the deadline to July 12, 2022 and set the trial for August 8, 2022. Doc. 23. Drabic did not move to appoint an expert until June 6, 2022 (over one month after the Court extended the trial dates) and the Court granted the request on July 8, 2022, one month before the trial date. Doc. 34. Then, at the pretrial conference on July 12, 2022, the Court allowed Drabic an additional week to consider his guilty plea before ultimately accepting it on July 19, 2022. *See Minutes of Proceedings*, docket entries dated July 12 and 19, 2022. Drabic not only did not move for an additional continuance, but he had ample time to (i) consider his guilty plea both before and after the Court approved the expert witness, and (ii) interview his witness prior to the trial on August 8, 2022. He has not provided evidence of prejudice to his case or anything more than a conclusory allegation of a denial of his right to due process. *See Bixler* at 16–17. Accordingly, Drabic's supporting statements that the Court denied him due process when it did not afford him time to use the expert witness and forced him to accept the plea deal are without merit.

Drabic's last statement in support of Ground Three – that he was not provided an opportunity to review the evidence – is false. Doc. 54 at 8. First, he certified in his plea agreement "…I have discussed this case and this plea agreement in detail with my attorney who has advised me of…the nature of the charges, the elements…*the evidence the United States would present* [emphasis added]…I have had sufficient time and opportunity to discuss all aspects of the case in

detail…" Doc. 36 at 15, ¶ 32. When questioned by the Court during the Change of Plea hearing, Drabic again stated that he had discussed the evidence with his counsel and had adequate time to do so. Doc. 66 at 12, lines 8–14. Therefore, Drabic's statement that he did not have the opportunity to review the evidence is without merit.

    **d. Cruel and Unusual Punishment**

In his fourth and final ground supporting the Motion, Drabic indicates his right to be free from cruel and unusual punishment was violated when (i) the Bureau of Prisons (the "BOP") denied him medical care for his attention-deficit/hyperactivity disorder (ADHD), (ii) the reasons for his 151-month sentence were based on charges with a 60-month maximum pursuant to the Sentencing Guidelines, and (iii) the Court did not provide reasons for supervised release conditions. Doc. 54 at 8.

Complaints about the conditions of confinement, rather than the validity of the sentence itself, are not cognizable under § 2255. *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991). Therefore, Drabic's claim that his sentence should be vacated due to the alleged failure of the BOP to provide medical care may not be considered in this setting.

An Eighth Amendment-based constitutional challenge to a sentence is cognizable under § 2255, but presents a difficult burden to a petitioner, as sentences within statutory limitations do not violate the Eighth Amendment, and only an "extreme disparity" between crime and sentence does so. *United States v. Jamerson*, 536 Fed. Appx. 606, 610 (6th Cir. 2013) (citations omitted). In preparation for sentencing, the United States Pretrial Services and Probation Office prepared the PSI. Doc. 40. The PSI indicated Drabic had a total offense level of 33 (after reductions for acceptance of responsibility) and a criminal history category of I, therefore his advisory guideline range was 135–168 months, but the statutorily authorized minimum sentences added up to 180

months. Doc. 40 at 24, ¶ 137. The Court ultimately applied an offense level of 32, which provided for a guideline range of 121–151 months. Doc. 65 at 11, lines 1–3. As Drabic's 151-month sentence was not only within statutory limitations, but within the advisory guideline range, his claim that the sentence violates the Eighth Amendment is without merit because he cannot establish an "extreme disparity" between the crimes and the sentence. *See Jamerson* at 610.

Last, Drabic claims that the Court did not provide reasons for supervised release conditions. Doc. 54 at 8. A district court must offer the reasons for the sentence it imposes, and supervised release conditions are part of the sentence. *United States v. Croyle*, No. 23-3393, 2024 U.S. App. LEXIS 12190, at *5 (6th Cir. May 20, 2024). Pursuant to this responsibility, the Court reviewed the nature and circumstances of the offenses, the history and characteristics of Drabic, and the types of sentences typically imposed for individuals with similar criminal histories as reasons for the overall sentence during the Sentencing. Doc. 65 at 31–34. The Court additionally indicated that the special conditions of Drabic's supervision were necessary due to the nature and circumstances of his offenses. Doc. 65 at 43, lines 24–25. This discussion is sufficient when imposing special conditions for sex offenders. *See United States v. Wagner*, No. 22-1880, 2024 U.S. App. LEXIS 2334, at *13 (6th Cir. Jan. 29, 2024) ("Indeed, the court's discussion of the 'nature and circumstances of the offense' and the 'history and characteristics of the defendant' echoes 18 U.S.C. § 3553(a). So there was no error…"). Therefore, Drabic's final statement regarding the Court's failure to provide reasons for supervised release conditions does not establish a violation of his Eighth Amendment right to be free from cruel and unusual punishment.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

### III. CONCLUSION

For the foregoing reasons, Drabic's *Motion to Vacate, Set Aside, or Correct a Sentence* (Doc. 54) is DENIED.[1]

Drabic has also filed a *Motion to Appoint Counsel* (Doc. 59) due to the "many complex and varied legal issues involved in this proceeding." The Court may appoint counsel for a financially eligible individual in a § 2255 proceeding when the interests of justice require it. 18 U.S.C. § 3006A(a)(2)(B). The Court finds the issues herein are neither complex nor meritorious, therefore there is no basis for the appointment of counsel. Accordingly, the *Motion to Appoint Counsel* (Doc. 59) is DENIED.

**IT IS SO ORDERED.**

July 15, 2024 　　　　　　　　　　　　　　　　 */s/ John R. Adams*
DATE 　　　　　　　　　　　　　　　　　　　　JOHN R. ADAMS
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[1] Drabic's *Motion to Amend* (Doc. 70) was filed more than one year after the judgment became final, and he does not provide the Court with any detail of how the petition would be amended, including whether it relates to his original claims. *See United States v. Clark*, 637 Fed. Appx. 206 (6th Cir. 2016). Therefore, the *Motion to Amend* (Doc. 70) is DENIED.

9